IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRYNN ERIN GAUTHIER,

    Plaintiff,

v.

Civ. No. 3:13-cv-01234-CL

**REPORT
& RECOMMENDATION**

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

    Defendant.

MARK D. CLARKE, Magistrate Judge.

    Plaintiff Brynn Erin Gauthier ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act and for

Page 1 - Report & Recommendation

Disability Insurance Benefits ("DIB") under Title II of the Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). Because the Commissioner's decision is not supported by substantial evidence, it should be **REVERSED** and **REMANDED** for further administrative proceedings.

## BACKGROUND

Plaintiff was born on January 29, 1974, and attended two years of college. Tr. 230, 237. He has performed semiskilled work as a security guard and as a tractor/trailer truck driver. Tr. 57. Plaintiff applied for DIB in January 2005. Tr. 231-32. The application was denied at the initial level, and he did not seek further review. Tr. 232.

Plaintiff protectively filed applications for SSI and DBI on April 21, 2010, alleging disability beginning on January 12, 2005, due to "permanent thoracic lumbar strain, bowel problem, lumbar rupture, herniated disk, severe physical limitation, tailbone bend, back pain, lower back pain, light chrones, mental problems, permanent short term memory loss." Tr. 236-37. The Commissioner denied his applications initially and upon reconsideration. Tr. 70, 110. At Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ") on March 23, 2012. Tr. 33-69. On April 12, 2012, the ALJ found Plaintiff not disabled. Tr. 13-32. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-4. Plaintiff now seeks judicial review of that decision.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which...has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an

applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 416.920(SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(I). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform

> his or her past relevant work, the analysis proceeds to step five.
>
> 5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari,* 262. F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert,* 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.; see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett,* 180 F.3d at 1099.

## THE ALJ'S FINDINGS

The ALJ applied the sequential process. At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since the alleged onset date. Tr. 18. At step two, the ALJ found Plaintiff's degenerative disc disease of the thoracic and lumbar spine and morbid obesity were severe impairments. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or

Page 4 - Report & Recommendation

combination of impairments that met or equaled one of the specific impairments listed in the regulations. Tr. 19.

The ALJ determined that Plaintiff had the RFC to perform light work with the following restrictions: he should not bend, climb, or crawl; he can frequently grasp, push, pull, and perform fine finger manipulation; he should avoid extremes of cold; he can sit up to six hours in an eight hour day no more than one hour at a time after which he must be allowed to get up and change positions with little or no change in work activity; he can stand and walk for two of eight hours for no more than 30 minutes at one time. *Id.* In reaching his conclusion, the ALJ considered Plaintiff's testimony, but found him not fully credible. Tr. 20. At step four, the ALJ found Plaintiff unable to perform his past relevant work. Tr. 25. Considering Plaintiff's age, education, experience, and RFC, the ALJ determined Plaintiff was capable of performing jobs that exist in significant numbers in the national economy, including general office clerk and file clerk. Tr. 26. Therefore, the ALJ concluded Plaintiff had not been under a disability, as defined by the Social Security Act, since the date of his application. *Id.*

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009)(quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Id.*

Page 5 - Report & Recommendation

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. *Id.* "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007)(quoting *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted)). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.; see also Bray,* 554 F.3d at 1226.

## DISCUSSION

Plaintiff argues that the ALJ erred by (1) improperly weighing the opinion of a treating physician; (2) improperly assessing his RFC; (3) accepting vocational testimony contrary to the Dictionary of Occupational Titles; and (4) accepting vocational testimony contrary to the vocational hypothetical.

**A. Treating Physician**

An ALJ may properly reject a treating physician's uncontradicted medical opinion only for "clear and convincing reasons." *Lester v. Chater,* 81 F.3d 821, 830-831 (9th Cir. 1995). When the treating physician's opinion has been contradicted, however, it may be rejected for "specific and legitimate reasons that are supported by substantial evidence in the record." *Carmickle v. Comm'r Soc. Sec. Admin.,* 533 F.3d 1155, 1164 (9th Cir. 2008). This can be done by setting out a detailed

and thorough summary of the facts, providing an appropriate interpretation thereof, and making findings. *See Megallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Bryan D. Miller, O.D., began treating Plaintiff for back pain in January 2005. Tr. 388. Dr. Miller completed a "Work Limitations" form on March 27, 2007. The form has four parts. In part one the physician notes whether a patient is able to return to regular work, no work, or modified work. Dr. Miller indicated Plaintiff could return to modified work. Part two indicates whether a follow up visit is required. Part three has six sections to describe "Restrictions for Modified Work Release" in which Dr. Miller noted multiple limitations, including capacities for sitting, standing, walking, lifting and environmental restrictions. Also in part three Dr. Miller indicated Plaintiff is "never" able to bend at the waist. Part four is "Physician comments or suggestions," and in this section Dr. Miller endorsed frequent position changes, opportunities to stretch, and job rotation. Tr. 333.

In a September 9, 2008 chart note Dr. Miller noted Plaintiff took Advil for back pain, and stated "I have reminded him that as he gets situated in employment that a good ergonomic workstation set up will be really important for his back long-term as well." Tr. 330.

On February 10, 2009, Dr. Miller completed a "Release to Return to Work" form on which he released Plaintiff to modified work with unidentified permanent restrictions, and wrote "low back injury with permanent impairment. Would benefit from accommodation with ergonomic chair." Tr. 329.

The ALJ gave Dr. Miller's opinion "significant weight because he was his treating doctor and it is generally consistent with the record as a whole." Tr. 23. However, the ALJ did not include

Page 7 - Report & Recommendation

frequent position changes, opportunities to stretch, or an ergonomic chair in Plaintiff's RFC or vocational hypothetical.

Plaintiff argues this case should be remanded for formulation of an RFC including all the limitations identified by Dr. Miller, and that if that occurs, Plaintiff would necessarily be found disabled based on the need for an accommodation in the form of an ergonomic chair. However, the frequent position changes, opportunities to stretch, and ergonomic chair are either literally or reasonably interpreted as suggestions and not requirements. Even if Dr. Miller's comments about ergonomics could be interpreted as a requirement, "if evidence exists to support more than one rational interpretation, [the court] must defer to the Commissioner's decision. *Batson,* 359 F.3d at 1193. An ALJ need not include recommendations in the RFC. *Carmickle,* 533 F.3d at 1165. The ALJ's failure to include frequent position changes, opportunities to stretch, and an ergonomic chair in the RFC is supported by substantial evidence and should be affirmed.

Plaintiff argues the ALJ erred by failing to include the limitation regarding bending in the RFC and vocational hypothetical. Plaintiff's Opening Brief, p. 10. This is factually inaccurate, as the ALJ included the limitation in both the RFC and the vocational hypothetical. Tr. 19, 58.

On this record, the ALJ identified clear, convincing, specific and legitimate reasons to reject portions of Dr. Miller's recommendations and the ALJ's treatment of Dr. Miller's opinion should be affirmed.

## B. Residual Functional Capacity

Plaintiff contends the ALJ erred by failing to include Dr. Miller's recommendation for an ergonomic chair in the RFC. For the reasons set out above this argument fails, and the ALJ's determination of Plaintiff's RFC should be affirmed.

frequent position changes, opportunities to stretch, or an ergonomic chair in Plaintiff's RFC or vocational hypothetical.

Plaintiff argues this case should be remanded for formulation of an RFC including all the limitations identified by Dr. Miller, and that if that occurs, Plaintiff would necessarily be found disabled based on the need for an accommodation in the form of an ergonomic chair. However, the frequent position changes, opportunities to stretch, and ergonomic chair are either literally or reasonably interpreted as suggestions and not requirements. Even if Dr. Miller's comments about ergonomics could be interpreted as a requirement, "if evidence exists to support more than one rational interpretation, [the court] must defer to the Commissioner's decision. *Batson,* 359 F.3d at 1193. An ALJ need not include recommendations in the RFC. *Carmickle,* 533 F.3d at 1165. The ALJ's failure to include frequent position changes, opportunities to stretch, and an ergonomic chair in the RFC is supported by substantial evidence and should be affirmed.

Plaintiff argues the ALJ erred by failing to include the limitation regarding bending in the RFC and vocational hypothetical. Plaintiff's Opening Brief, p. 10. This is factually inaccurate, as the ALJ included the limitation in both the RFC and the vocational hypothetical. Tr. 19, 58.

On this record, the ALJ identified clear, convincing, specific and legitimate reasons to reject portions of Dr. Miller's recommendations and the ALJ's treatment of Dr. Miller's opinion should be affirmed.

## B. Residual Functional Capacity

Plaintiff contends the ALJ erred by failing to include Dr. Miller's recommendation for an ergonomic chair in the RFC. For the reasons set out above this argument fails, and the ALJ's determination of Plaintiff's RFC should be affirmed.

## C. Step Five

Plaintiff argues that, because he is limited to standing and walking for two hours in an eight-hour workday, he should have been limited to sedentary work instead of light work. The regulations define sedentary work as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools....Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 404.1567(b). The regulations provide that light work "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

However, Social Security Ruling 83-10 provides "definitions of terms and concepts frequently used in evaluating disability...." SSR 83-10, 1983-1991 Soc.Sec.Rep.Serv.24, 1983 WL 31251. The Ruling notes that sedentary level work requires standing and walking "occasionally," which is defined as generally totaling "no more than about 2 hours of an 8-hour workday...." *Id.* at *5. The Ruling provides that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." *Id.* Social Security Rulings "reflect the official interpretation of the [Social Security Administration] and are entitled to 'some deference' as long as they are consistent with the Social Security Act and regulations." *Avenetti v. Barnhart,* 456 F.3d 1122, 1124 (9th Cir. 2006)(quoting *Ukolov v. Barnhart,* 420 F.3d 1002, 1005 n.2 (9th Cir. 2005)).

The Vocational Expert ("VE") testified a hypothetical individual of Plaintiff's age, education, work background, and RFC could perform work as a general clerk and file clerk. Tr. 58-59.

*Dictionary of Occupational Titles ("DOT")*(4th ed. 1991). Both jobs are classified as light work. DOT 209.562-010; 206.387-034. There was no testimony as to whether these jobs might be performed at the sedentary level.

Because the ALJ erred at step five, the court need not address Plaintiff's argument regarding SSR 96-8p.

## D. REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000), *cert. denied,* 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)). The court may not award benefits punitively, and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart,* 340 F.3d 871, 876

Page 10 - Report & Recommendation

(citing *Bunnell v. Sullivan,* 947 F.2d 871(9th Cir. 2003)(en banc)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue,* 623 F.3d 1032, 1035 (9th Cir. 2010).

Here, outstanding issues remain and this matter should be remanded to the Commissioner to determine whether other work exists in the national economy that Plaintiff can do, given his RFC, age, education, and work experience. 20 C.F.R. 404.1512(g), 404.1560(c), 416.912(g), 416.960(c).

## RECOMMENDATION

For the foregoing reasons, the Commissioner's final decision should be **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* FED.R.CIV.P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir. 1991).

Dated this 16 day of April, 2015.

_____
Mark D. Clarke
United States Magistrate Judge

Page 11 - Report & Recommendation